ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JOSÉ ÁNGEL RAMOS SOSA<br><br>Recurrido<br><br>v.<br><br>BENÍTEZ AUTO, CORP.<br><br>Peticionario | TA2026CE00159 | Petición de *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso Núm.:<br>HU2023CV00499<br><br>Sobre:<br>Despido Injustificado |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 5 de marzo de 2026.

Comparece ante nos Benítez Group Inc. (Benítez Group; parte peticionaria) mediante *Petición de Certiorari* para solicitarnos la revisión de una *Resolución*, emitida el 5 de diciembre de 2025, notificada el 8 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI).[1] Mediante la *Resolución* recurrida, el foro primario declaró *No Ha Lugar* la *Moción en Solicitud de Sentencia Sumaria*, presentada por Benítez Group, el 3 de marzo de 2025.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *certiorari*.

**I**

El presente caso tuvo su inicio cuando, el 16 de abril de 2023, el señor José Ángel Ramos Sosa (señor Ramos Sosa), la señora Dahlia V. Figueroa Calder (señora Figueroa Calder) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, parte recurrida) presentaron una *Demanda* sobre incumplimiento de contrato; daños y perjuicios; despido injustificado; y reclamación de salarios contra Benítez

---

[1] SUMAC, Entrada 63 en HU2023CV00499.

Auto Corp. (Benítez Auto) y Benítez Group.[2] Alegó que laboró para la parte peticionaria como gerente de concesionario por aproximadamente quince (15) años, culminando sus labores en noviembre de 2017, debido a que las condiciones creadas por el huracán María lo obligaron a emigrar a los Estados Unidos. Adujo que, en el 2022, Pedro Luis Benítez Torres (señor Benítez Torres), funcionario de alto rango de Benítez Auto y Benítez Group, inició gestiones para reclutarlo nuevamente para una posición permanente de gerente. Expresó que, lo anterior, conllevaba una mudanza de Texas a Puerto Rico. Indicó que la fecha acordada para el comienzo de empleo fue el 15 de junio de 2022, fecha en la cual el señor Ramos Sosa se presentó a trabajar, luego de realizar todas las gestiones e incurrir en los gastos de la mudanza. Sostuvo que, el 17 de junio de 2022, se enteró que había sido despedido sin justa causa. En consecuencia, solicitó que se le ordenara a la parte peticionaria a compensar los gastos incurridos en la mudanza; una cantidad de $85,000.00 por concepto de daños y perjuicios; así como una cantidad de $250,000.00 por concepto de pérdida de ingreso y lucro cesante. Además, solicitó la cantidad de $273,110.76 por concepto de mesada y el día de salario, 15 de junio de 2022, ascendente a aproximadamente $200.00.

En respuesta, el 23 de mayo de 2023, Benítez Group presentó su *Contestación a Demanda*.[3] En síntesis, negó la mayoría de las alegaciones y presentó sus defensas afirmativas. Como parte de sus defensas afirmativas, esbozó que hace cerca de cinco (5) años, y tras el paso del huracán María, el señor Ramos Sosa decidió abandonar su empleo, renunciando al mismo de forma libre y voluntaria. Arguyó que en ningún momento le hizo una promesa de empleo al señor Ramos Sosa, sino que le invitó a solicitar una plaza de empleo que podría estar disponible. Expresó que, el señor Ramos Sosa no fue seleccionado para ocupar el puesto, aun cuando acudió a una entrevista. A tenor, sostuvo que el señor

---

[2] SUMAC, Entrada 1 en HU2023CV00499.
[3] SUMAC, Entrada 4 en HU2023CV00499.

Ramos Sosa no fue contratado de forma escrita ni verbal para brindar servicio alguno, por lo cual nunca se convirtió en su patrono. Asimismo, indicó que no se constituyó un despido y que el señor Ramos Sosa no tiene derecho al pago de la mesada que reclama. En consecuencia, solicitó que se desestimara la *Demanda* y una cantidad por concepto de costas y honorarios de abogado, por temeridad.

Posteriormente, el 21 de julio de 2023, las partes presentaron *Moción Solicitando Desistimiento Parcial Sin Perjuicio Contra Codemandada Benítez Auto Corp.*, mediante la cual el señor Ramos Sosa solicitó el desistimiento parcial sin perjuicio de las causas de acción contra Benítez Auto únicamente y que se dictara sentencia de archivo sin perjuicio a favor de este.[4] En mérito de lo anterior, el 2 de agosto de 2023, notificada al día siguiente, el TPI dictó *Sentencia Parcial* declarando Ha Lugar dicha moción.[5]

Luego de varios trámites procesales innecesarios pormenorizar, el 3 de marzo de 2025, Benítez Group presentó *Moción en Solicitud de Sentencia Sumaria*.[6] En el escrito, adujo que cualquier reclamación de mesada, relacionada con la renuncia voluntaria del señor Ramos Sosa en noviembre de 2017, está prescrita y que, conforme las disposiciones de la *Ley Sobre Despidos Injustificados*, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq*. (Ley Núm. 80–1976), no procedía que se incluyera el tiempo trabajado hasta dicha fecha en el cómputo de mesada que reclama. Además, indicó que no procedía la causa de acción por despido injustificado, toda vez que, asumiendo que el señor Ramos Sosa laboró un día como alega, le resultaría de aplicación el periodo probatorio automático dispuesto en la Ley Núm. 80–1976. Por otro

---

[4] SUMAC, Entrada 17 en HU2023CV00499.
[5] SUMAC, Entrada 18 en HU2023CV00499.
[6] SUMAC, Entrada 50 en HU2023CV00499. La parte peticionaria acompañó su petitorio sumario con los documentos siguientes: Anejo 1: Deposición al señor Ramos Sosa Parte 1, Parte 2 y Parte 3; Anejo 2: Deposición al señor Benítez Torres; Anejo 3: Cheque fechado 15 de noviembre de 2017, por concepto de liquidación de las vacaciones; Anejo 4: correo electrónico del señor Benítez Torres mediante el cual le remitió al señor Ramos Sosa un documento titulado "Profit Sharing Plan" con el desglose de los conceptos de compensación del puesto de Gerente General; Anejo 5: Deposición al señor Colón Zambrana.

lado, arguyó que las reclamaciones incluidas en la *Demanda*, en cuanto a incumplimiento de contrato de empleo o daños, son improcedentes, por virtud del principio rector de la Ley Núm. 80–1976, que dispone el pago de mesada como remedio exclusivo en casos de despido. En su escrito, presentó diecisiete (17) propuestas de hechos incontrovertidos. Al amparo de lo expuesto, solicitó que dictara sentencia sumaria y se desestimaran todas las causas de acción con perjuicio.

En reacción, el 31 de marzo de 2025, el señor Ramos Sosa presentó *Oposición a Moción Solicitando Sentencia Sumaria*.[7] En el pliego, aceptó como no controvertidos algunos hechos y negó otros, por lo que solicitó al TPI que denegara la solicitud de sentencia sumaria.

Luego, mediante *Resolución* emitida, el 5 de diciembre de 2025, notificada el 8 del mismo mes y año, el TPI declaró No Ha Lugar la *Moción en Solicitud de Sentencia Sumaria* instada por Benítez Group.[8] A tenor, ordenó continuar con los procedimientos correspondientes.

Como parte del dictamen emitido, el tribunal apelado emitió las siguientes diez (10) determinaciones de hechos:

1. La parte querellante laboró como gerente de ventas para la demandada desde el mes de octubre de 2005 hasta su renuncia voluntaria de empleo el 15 de noviembre de 2017.

2. La compensación para esa época era aproximadamente $109,000.00 anuales de salario base y comisiones ascendentes a $9,000.00 mensuales.

3. La parte querellante decidió salir de Puerto Rico en el año 2017, tras el paso del huracán María por Puerto Rico.

4. El concesionario de autos propiedad de la parte querellada, lugar donde laboraba la parte querellante, quedó completamente destruido tras el paso del Huracán María por Puerto Rico en el año 2017.

5. La parte querellante realizó algunas tareas de entrada de datos al sistema de Chrysler durante el mes de noviembre de

---

[7] SUMAC, Entrada 58 en HU2023CV00499. La parte recurrida acompañó su petitorio sumario con los documentos siguientes: Anejo 1: Carta de Benítez Group fechada el 26 de febrero de 2022; Anejo 2: Deposición del señor Benítez Torres; Anejo 3: Correo electrónico del señor Benítez Torres con fecha del 30 de marzo de 2022; Anejo 4: Deposición del señor Ramos Sosa; Anejo 5: Contestación a Interrogatorios y Requerimiento de Producción de Documentos al señor Ramos Sosa de parte de Benítez Group; Anejo 6: Continuación de Contestación a Interrogatorios y Requerimiento de Producción de Documentos al señor Ramos Sosa de parte de Benítez Group; Anejo 7: Deposición del señor Alberic Colon López.
[8] SUMAC, Entrada 63 en HU2023CV00499.

2017 desde el estado de Texas. Dicho ejercicio fue compensado por la parte demandante.

6. La parte querellante inició en Texas un nuevo empleo en diciembre de 2017.

7. La parte querellante recibió un pago por concepto de liquidación de las vacaciones el 15 de noviembre de 2017 por la cantidad de $512.04.

8. El 27 de marzo de 2022, el Sr. Benítez le remite al querellante mediante correo electrónico un documento en Excel titulado "Profit Sharing Plan".

9. La parte querellante deja su trabajo en Texas, Estados Unidos, y se muda a Puerto Rico.

10. El querellante no prestó servicios más allá del 15 de junio de 2022.

Por otro lado, **el TPI concluyó que existían hechos en controversia**, y que, al evaluar la totalidad de los escritos presentados, no debía utilizar el mecanismo de sentencia sumaria para resolver la totalidad del caso, puesto a que existían controversias genuinas de hechos que debían dilucidarse mediante un juicio en su fondo.

Inconforme, el 22 de diciembre de 2025, Benítez Group presentó una *Moción en Solicitud de Reconsideración a Resolución y en Solicitud de Determinaciones de Hechos Adicionales*.[9] En esencia, solicitó al TPI que reconsiderara su dictamen o, en su defecto, que resolviera el cómputo aplicable a la mesada que se reclama. En apoyo, argumentó que, basado en las determinaciones de hecho emitidas en la *Resolución*, procedía aplicar el derecho y resolver varias de las controversias de derecho planteadas y dictar Sentencia en cuanto a estas.

En reacción, el 9 de enero de 2026, el señor Ramos Sosa presentó una *Oposición a Moción de Reconsideración*.[10] Alegó que Benítez Group no levantó ningún argumento nuevo en su moción de reconsideración. En consecuencia, solicitó que se declarara No Ha Lugar dicha moción.

Posteriormente, el 12 de enero de 2026, el TPI emitió y notificó una *Resolución Interlocutoria* mediante la cual declaró No Ha Lugar la *Moción*

---

[9] SUMAC, Entrada 64 en HU2023CV00499.
[10] SUMAC, Entrada 66 en HU2023CV00499.

*en Solicitud de Reconsideración a Resolución y en Solicitud de Determinaciones de Hechos Adicionales,* presentada por Benítez Group.[11]

En desacuerdo, el 10 de febrero de 2026, Benítez Group presentó un recurso de *certiorari* en el cual esgrimió la comisión de los siguientes cuatro (4) errores:

PRIMER ERROR: ERR[Ó] EL TPI AL NEGARSE A RESOLVER LA CONTROVERSIA DE DERECHO SOBRE LA APLICACIÓN DEL PERIODO PROBATORIO AUTOM[Á]TICO DISPUESTO POR LA LEY 80 A LAS DETERMINACIONES DE HECHO EMITIDAS

SEGUNDO ERROR: ERR[Ó] EL TPI AL NEGARSE A RESOLVER LA CONTROVERSIA DE DERECHO SOBRE LA APLICACIÓN DEL REMEDIO EXCLUSIVO DE LA LEY 80 A LAS DETERMINACIONES EMITIDAS

TERCER ERROR: EN SU DEFECTO ERR[Ó] EL TPI AL NEGARSE A RESOLVER LA CONTROVERSIA DE DERECHO SOBRE LA F[Ó]RMULA APLICABLE AL C[Ó]MPUTO DE LA MESADA RECLAMADA EN ESTE CASO.

CUERTO ERROR: ERR[Ó] EL TPI A NO DECRETAR COMO HECHOS INCONTROVERTIDOS VARIAS PROPUESTAS QUE FUERON ADMITIDAS EXPRESAMENTE POR RAMOS EN SU ESCRITO EN OPOSICI[Ó]N, AS[Í] COMO OTRAS NO NEGADAS COMFORME EXIGE LA REGLA 36 DE PROCEDIMIENTO CIVIL Y AL INCLUIR UNA ALEGACI[Ó]N DE LA DEMANDA QUE NO FUE PROPUESTA POR NINGUNA DE LAS PARTES COMO HECHO DETERMINADO.

## II

## A

Es norma harta conocida que el recurso de *certiorari* es el vehículo procesal adecuado para revisar una determinación interlocutoria emitida post sentencia. *Negrón García v. Srio. de Justicia*, 154 DPR 79, 95 (2001). A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional. *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011). La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). A esos

---

[11] SUMAC, Entrada 68 en HU2023CV00499.

efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

Específicamente, Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, *supra*, págs. 59-60 esgrime los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De otra parte, cabe destacar que el Tribunal Supremo de Puerto Rico ha establecido que un foro revisor no debe sustituir su criterio por la primera instancia judicial, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

Por otro lado, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo

intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).

A la luz de la normativa antes expuesta, procederemos a resolver la controversia ante nos.

**III**

Mediante el presente recurso, la parte peticionaria nos invita a concluir que el TPI incidió al negarse a resolver la controversia de derecho sobre la aplicación del periodo probatorio automático dispuesto por la Ley Núm. 80–1976, así como la controversia sobre la aplicación del remedio exclusivo de la Ley Núm. 80–1976. Asimismo, plantea que el TPI falló al negarse a resolver la controversia de derecho sobre la fórmula aplicable al cómputo de mesada reclamada por el señor Ramos Sosa. Finalmente, sostiene que erró el TPI al no decretar como hechos incontrovertidos varias propuestas que fueron admitidas expresamente por el señor Ramos Sosa, así como otras que no fueron negadas por este, y al incluir una alegación de la *Demanda* que no fue propuesta por ninguna de las partes como hecho determinado.

Según expusimos en nuestra previa exposición doctrinal, cuando se presenta ante nuestra consideración un recurso de *certiorari*, nuestro ordenamiento jurídico le confiere discreción a este foro apelativo para intervenir únicamente en aquellas determinaciones en las que el foro primario haya actuado de forma arbitraria, cometido un craso abuso de discreción, surja un error en la interpretación de cualquier norma procesal o de derecho sustantivo, o cuando la determinación constituya una grave injusticia. Con lo anterior en mente, nos dimos a la tarea de evaluar este recurso, así como los documentos que lo acompañaron, para determinar si estaban presente las circunstancias para intervenir.

Luego de haber evaluado minuciosamente lo anterior, juzgamos que este recurso de *certiorari* no satisface ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para intervenir en el mismo. En el recurso incoado por la parte peticionaria, se nos solicitó intervenir con

una resolución en la cual el Tribunal de Primera Instancia actuó dentro del ámbito de su discreción judicial. Además, razonamos que la parte peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa, conforme al asunto planteado, constituiría un rotundo fracaso de la justicia. En consecuencia, no atisbamos razón para intervenir con la determinación recurrida. Siendo así, nos es forzoso denegar la expedición de este auto de *certiorari*.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari*. Se devuelve el caso al foro de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones